# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-0623V
UNPUBLISHED

---

MARCIE BENNETT,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: May 24, 2023

Special Processing Unit (SPU);
Petitioner's Motion for a Decision
Dismissing Petition; Noncovered
Vaccine; Influenza Vaccine;
Pneumococcal Polysaccharide
Vaccine; Shoulder Injury Related to
Vaccine Administration (SIRVA)

---

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Nancy Tinch, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION[1]

      On January 12, 2021, Marcie Bennett filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act". Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on September 18, 2019. Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 24, 2023, Petitioner filed a motion for a dismissal decision, stating that an investigation of the facts and science supporting her case had demonstrated that she would be unable to prove that she is entitled to compensation in the vaccine program. Petitioner's Motion for Decision Dismissing Their Petition, filed May 24, 2023, at *1 (ECF No. 24). Petitioner stated that in these circumstances, to proceed further would be unreasonable and waste resources of the Court, Respondent, and the vaccine program. *Id.* Petitioner stated that she understood that a decision dismissing her petition would result in a judgment against her, and had been advised that such a judgment would end her rights in the vaccine program. *Id.* Petitioner added that she intends to protect her rights to file a civil action in the future. *Id.* at *2.

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) that she suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). In either case, Petitioner must demonstrate that the injury was caused by a vaccine set forth in the Vaccine Injury Table, absent exceptions not applicable here. *Id.* at § 11(c)(1)(A). A claim must also demonstrate that the injury satisfies the statutory severity requirement. *Id.* at § 11(c)(1)(D). Examination of the record does not disclose that Petitioner is able to satisfy these requirements.

Under the Vaccine Act, Petitioner may not be awarded compensation based on the Petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. § 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate entitlement to compensation. For these reasons, and in accordance with § 12(d)(3)(A), **Petitioner's claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.